ROBERT DOWNIE v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC.

1. A by-law of the board of freeholders cannot be proved by a reference to a printed copy at the trial.

2. The declarations of a director of a board of freeholders as to the amount of appropriations ordered by the board are not legal evidence of such appropriations.

3. That a claim presented to the freeholders was unverified will not, under the general issue, defeat such claim.

On rule to show cause.

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Stevenson & Humphreys.*

For the defendant, *Robert I. Hopper.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case comes before us on a motion for a new trial certified by the Circuit Court of the county of Passaic.

The action is against the county for compensation for work and materials expended in the construction of a sewer.

The situation in its general features is this: The board of freeholders duly advertised for proposals to do this work, and in that transaction the plaintiff was the lowest bidder. After some vacillation, the board directed the work to be done, and, accordingly, the appropriate committee caused a contract, in writing, to be drawn by the counsel of the city, which was duly executed by the plaintiff, and was left by him in the possession of such counsel, together with a bond made by himself and surety, conditioned for the faithful performance of the work.

The plaintiff then built the sewer, under the superintendence of the public engineer and of the three members of the board of freeholders constituting the committee on bridges, and who, upon the completion of the work, approved of the plaintiff's bill.

This claim, upon being presented to the board of freeholders, was rejected, the minutes of that body showing that it was instructed by its counsel that the demand was not a legal one, inasmuch as the by-laws required that such work as that in question should be done under written contracts, and that the contract of the plaintiff had not been signed by the director of the board, an imperfection of which, the counsel asserted, the plaintiff had been informed before the commencement of the work.

From the evidence at the trial it appeared that, as stated, the director of the board had taken upon himself to refuse to execute the contract in question, but it was shown by the very decided weight of testimony that the fact of such refusal had not been made known to the plaintiff until the work was nearly completed.

In view, therefore, of the series of circumstances that this sewer had been built by the plaintiff in entire good faith, with the approval and under the superintendence of the proper committee and its engineer, and that the public were in the profitable enjoyment of the enterprise, it would seem that the refusal

to pay for the work cannot be justified by any man whose ideas of honesty square with the common standard. And, indeed, no honest defence to the claim is in anywise pretended. It is admitted that the claim is justly due, but it is insisted that it is not legally due—that the contract, though signed by the plaintiff, was not signed in behalf of the defendant, and that, as the by-law of the defendant required the complete execution of the written agreement, the work was done without the assent of the board, and, consequently, there is no legal cause of action, the result being that the public is entitled to the improvement in question without paying for it.

It is not believed that the by-law here referred to, if it could have been applied in this case, would have had the destructive effect attributed to it. Whatever its operation with respect to executory agreements, it is not probable that it would have been so construed as to invalidate agreements executed; but the subject is, for present purposes, of no interest, for on this trial it was not shown that this alleged by-law had any existence. It is true that, as an appendix to the printed proceedings before us, we find a set of regulations, covering several pages, that purports to be the "By-Laws of the Board of Chosen Freeholders of the County of Passaic," but such appendix has been added to the case without even the appearance of authority. There was no proof whatever made at the trial of any by-laws of the defendant; a printed book of by-laws seems to have been referred to in the course of the examination of a witness, but even it was not offered in evidence; if offered, it obviously would not have been received, as it was inadmissible.

The result consequently is, that the technicality in question calls for no further consideration, as it is clearly without footing in any of the facts of the case.

A second exception to this action is, that the cost of the work embraced in the plaintiff's contract was in excess of the sum that the board of freeholders had ordered to be raised for that class of public work, which embraced this sewer. By the fourth section of the act of 1874 (*Pamph. L.*, *p.* 720), regulating and restricting the expenditures of this board, it

was provided that no suit should lie in respect of any work done in excess of the appropriation that had been made therefor. The argument was that the plaintiff's cause of action fell within the operation of this prohibition.

But this contention, like the former one, is altogether in the air; there is no proof showing the relativity of the statute; it was not shown by anything resembling legal evidence that the cost of this work would exhaust even the pertinent appropriation. The reliance in this respect appears to have been upon certain statements made at a meeting of the board of freeholders as to the amount of the expenditures previously ordered, and the expressions of opinion on the subject by the director of the board founded on communications made to him by other officers of the corporation. Plainly such expressions and declarations were mere hearsay, and cannot be relied upon as proof for any purpose. If, in truth, such expenditures had exceeded the appropriation, such fact was susceptible of easy proof. As the case stands, the exception is destitute of all force.

The only other objection of sufficient importance to require special notice is the circumstance that the bill of the plaintiff that was presented to the board was not verified by oath.

This exception relates to *Rev.,* p. 1371, *pl.* 70, of the act relating to municipal corporations, which forbids the payment by the board of freeholders of bills that have not been proved to be correct by the oath of the person presenting them.

There appears to be at least two unquestionable answers to this position.

*First.* The question thus raised was not within the issue. A special plea was necessary to present it, and it does not appear that there was any such in this record.

*Second.* The statutory prohibition seems to be applicable when a claim is undisputed; a verification of an account can serve no useful purpose when the debt is wholly repudiated and the creditor is obliged to prove the justice of his demand in a court of law.

Let the Circuit Court be advised to enter judgment on the verdict.