THE STATE, CHALKLEY A. RULON, PROSECUTOR, v. THE INHABITANTS OF THE TOWNSHIP OF WOOLWICH, IN THE COUNTY OF GLOUCESTER, ET AL.

The regular town meeting of a township, having the power to vote, grant and raise money for the defending the common rights of such township and for other necessary charges and legal objects and purposes, has the right to order paid to any township officer reasonable expenses, including the taxed bill of costs incurred in litigation arising out of a *bona fide* discharge of his duties, and the amount may be paid out of any existing appropriation for such township purposes, or out of any appropriation lawfully made at that time for such purposes.

On *certiorari.*

Argued at February Term, 1893, before Justices DEPUE and LIPPINCOTT.

For the prosecutor, *Thomas E. French.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ brings up for review a certain claim of one Jacob Sholders against the township of Woolwich, in the county of Gloucester, amounting to the sum of $42.38, and the resolution of the town meeting of that township ordering the payment of the claim.

It appears, from the facts in this case, that on February 22d, 1890, a peremptory *mandamus* was issued by this court to the defendant as overseer of the roads of the township of Woolwich, in the county of Gloucester, commanding him to open a certain public road in that township, for which opening no money had been appropriated or furnished him as overseer.

This court, notwithstanding this fact, ordered that *mandamus* issue to him, directing him to make and to clear out the road for public use.

The costs taxed against him by the relators amounted to the sum of $36.91, and execution was issued thereon against the defendant, overseer of the roads, for the same, which, with interest, costs of execution and sheriff's fees, amounted to $42.38.

On the 8th day of March, 1892, at the regular town meeting of the township, held on that day, after having had presented to it the bill of costs and interest as aforesaid, ordered "that the bill of costs on the *mandamus* served on Mr. Jacob Sholders, February 22d, 1890, for $42.38, be paid."

On the 10th day of March, 1892, the township treasurer, H. V. Locke, paid the defendant the amount of the claim—$42.38—in accordance with the resolution of the township meeting.

On the same day this writ was allowed, and on the 11th day of March, 1892, one day after the payment of the bill by the township treasurer, this writ was served upon him.

On March 12th, 1892, the township committee concurred in the action of the town meeting, approved the claim and ordered the same paid by resolution.

It does not clearly appear whether at this latter date this writ had been served on the township committee or not. However that may be, it does appear that the claim was ordered paid by both the regular town meeting of the township and the township committee.

It is contended that the town meeting was not the body authorized to pay this bill; that it is not only the duty but the right of the township committee to pay all bills; that the town meeting is only authorized to appropriate moneys for the township expenditures, and that the disbursement of the same is a duty and a right of the township committee.

The resolution by the town meeting to pay the claim was passed at the regular annual town meeting. It was in form not an appropriation or an order to raise moneys, but an order for the payment of the bill of costs incurred in and about the performance of the defendant's duty in connection with the opening of this certain road, and therefore payable, if at all,

out of any existing, past or present unexpended appropriations for general township purposes.

It appears that the town meeting of the year 1889 appropriated $600 for general township purposes without stating in detail the particular township expenditures for which it was appropriated. One hundred dollars was also appropriated and ordered raised for repairs of sidewalks. At that time there was $1,200 in moneys on hand, which was ordered divided among the road districts according to the valuation of the property of each district.

In the years 1890 and 1891 there were no appropriations for general township purposes or for road purposes. In 1892, at the same town meeting at which the resolution of payment of this bill was passed, there was appropriated from moneys in hand $600 for township purposes, $100 for the poor, $200 for sidewalks, and it was moved and ordered that $1,800 be raised for road purposes, and then the further resolution that this claim—$42.38—be paid, and three days later it was paid by the township treasurer, whose duty it was to pay claims when legally ordered paid. Payment of the same was also ordered one day later by the township committee, whose duty it is, apparently, by the township laws, to order the payment of claims or bills legally incurred, from time to time, out of the appropriations made by the town meeting, and therefore, inasmuch as this claim was approved by both the town meeting and the township committee, and ordered paid by both, it is quite immaterial where the power does actually reside to order the payment of such claims, so far as the formal order of payment is concerned.

The question which was, formally, the proper body to order bills paid was much controverted by counsel, but it is not deemed in this case important to determine the question here so long as it appears that both bodies united in the approval of the claim and the resolution of payment.

The question, also, in the briefs of counsel is much discussed whether this writ was directed to all the proper parties or not, whether the party making the payment and the one

receiving it, whose rights are assailed, should not have been parties, and the insistment on the part of the defendant is that the writ should be dismissed.

But the resolution of payment by the town meeting is before the court by the certified returns made by the township committee to the writ, and the resolution of the township committee appears in the evidence taken under the rule allowed to take evidence, and therefore all the records are properly before the court essential to determine the cause on its merits.

It is not a reason for refraining from consideration and judgment, and not a reason for dismissal of this writ, that the collateral effect of the action of the court may reach persons not before us. *Siedler* v. *Chosen Freeholders,* 10 *Vroom* 632.

Turning to the merits of the question presented as to the legality of the payment, I think it is conceded here that the action of the defendant in failing to proceed upon this public road, until he was directed to do so by *mandamus,* however erroneous it may have been, was taken in good faith by him. The township committee had not furnished him with funds to open the road. Whilst it was his legal duty to comply with the law, by calling upon the inhabitants to do this work, yet it was a duty rather difficult of execution and not much in accord with the usual practice, and it is not to be concluded without evidence here that he was not honest in his belief that a fair discharge of his duties did not require him to so act, and as it does not appear that this road, even after the mandate of this court was directed to him, was opened in this manner, it is fair to conclude that the inhabitants of the township took measures to have this duty performed in the ordinary manner, and the burden of that duty equally and lawfully distributed upon all the inhabitants of the township by taxation.

It would not have been commendable in him to resign, even if he had the power to do so at his pleasure, and escape the suit or other vexation or trouble incident to his office.

It is provided, by an act entitled "An act incorporating the inhabitants of townships, designating their powers and regulating their meetings," approved April 14th, 1846 (*Rev., p.* 1190, § 11), among other things, that they, the town meetings, " may vote, grant and raise such sum or sums of money * * * for the opening, making, working and repairing of roads and keeping them in order, * * * the running and ascertaining the lines and prosecuting and defending the common rights of such townships and for other necessary charges and legal objects and purposes."

The regular town meeting of a township having the power to vote, grant and raise money for the defending the common rights of such township and for other necessary charges and legal objects and purposes, has the right to order paid to any township officer reasonable expenses, including the taxed bill of costs incurred in litigation arising out of a *bona fide* discharge of his duties, and the amount may be paid out of any existing appropriation for such township purposes, or out of any appropriation lawfully made at that time for such purposes. I think this can be fully concluded from the authorities. *Bradley* v. *Hammonton*, 9 *Vroom* 430, and cases cited in that case.

And this does not depend alone upon the fact whether the defence was successful or not. *Lewis* v. *Mayor, &c., of Rochester*, 9 *C. B., N. S.*, 401 ; *Bancroft* v. *Litchfield*, 18 *Pick.* 566.

Nor does it depend upon the fact whether or not the defence was directed by public authority before it was undertaken. More generally the first action taken by such public bodies is when the bills are presented for payment. *State, Lewis,* v. *Board of Freeholders,* 8 *Vroom* 254.

The defence of its officers in their action is very often the defence of the common rights of the township, and certainly the reasonable expenses thus incurred are charges incurred in behalf of the legal objects and purposes of the incorporation.

In this very case about which these expenses were incurred it was deemed very important that the rights and duties of the defendant, as relating to the township roads, should be

clearly and definitely ascertained, and the small expense incurred, if paid by the township, cannot be classed as extortionate or illegal, if there be any appropriation out of which it can be paid, and of that, under the facts in this case, there can be no question. In fact, the resolution of the town meeting could be considered as an appropriation within itself under the power granted to the town meeting to vote, grant and raise money for the purposes of the execution of the general powers to which reference has been made. But if this be not held, still the appropriation made at this very meeting, for township purposes, or those which theretofore existed, could be subjected to the payment of this claim.

It has been objected against the resolution of payment that it is not lawful for the township committee to pay or disburse any moneys of the township unless the person shall first present a detailed bill of items, with an affidavit of the party claiming payment that the same is correct. *Pamph. L.* 1871, *p.* 92 ; *Rev., p.* 1371.

The objection to the formality of this bill cannot prevail. The claim is founded upon an indemnification of the defendant against a *fieri facias*, on *mandamus*, for costs, and the bill consists, as presented, of four items—a taxed bill of costs in this court, interest on this amount of costs, costs of the *fieri facias* and sheriff's fees on execution, amounting in all to $42.38. The claim is thus fully itemized, and the affidavit, as provided by the act of 1871, could give the bill no greater verity than it already had. There could be no fraud in this bill. An affidavit could make it no more correct than it was on its face. The reason of the statute being to prevent frauds upon the public does not apply to this claim. The claim here is more in the nature of a judgment, which carries with it all the verity required.

The conclusion reached is that the claim and resolutions of payment should be affirmed.