THE STATE, WILLIAM H. SPRINGER, PROSECUTOR, v. THE INHABITANTS OF THE TOWNSHIP OF LOGAN, IN THE COUNTY OF GLOUCESTER, ET AL.

1. Any of the powers conferred or duties imposed upon a township government can be exercised or performed as well at a special town meeting, called in accordance with the statute, as at the regular annual town meeting, unless it be that the exercise of such powers and duties is expressly restricted to such annual town meeting.

2. The inhabitants of the several townships in this state are municipal corporate bodies, and as such are capable of suing and being sued; they can, within the statutes conferring general powers upon them,

·create debts and liabilities and settle and pay disputed claims; they can compromise and settle doubtful controversies arising out of the exercise of the powers and rights belonging to them.   The law vests them with a discretion in such matters which they are to exercise for the best interests of the corporation, and if such settlements of existing controversies are made in good faith, and are not of a collusive or fraudulent character, they will be sustained.

3.  A dispute between the township collector and the township authorities of the township, in relation to the audit and statement of his accounts, can be settled and adjusted by the annual town meeting or by a special town meeting regularly called for that purpose, if such settlement and adjustment be *bona fide* and without fraud or collusion.

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *David J. Pancoast.*

For the defendants, *Lewis Starr.*

The opinion of the court was delivered by

LIPPINCOTT, J.   At a special town meeting of the voters of the township of Logan, in the county of Gloucester, held on the 1st day of June, 1895, the following resolutions were adopted, viz.:

" *Be it resolved,* Whereas Captain John F. Truitt having faithfully served the township of Logan for past nine years as collector of taxes, and proved to be an efficient officer, who, by his continued efforts each year, collected the taxes assessed, with but a small amount of uncollected taxes remaining unpaid, which is a record that cannot be excelled in any other township in the county; therefore be it

"*Resolved,* That the report of the auditing committee be received, and that the committee be·discharged; and be it

"*Resolved,* Inasmuch as the said collector has annually made his statement to the township committee showing his

receipts and expenditures, who have duly passed and approved said statements, that any and all alleged errors showing any balance or seeming deficiency found by said report to be due to the township from said collector be canceled, and that the township committee and the collector balance their accounts by passing receipts for the same."

On June 11th, 1895, at a meeting of the township committee, in accordance with this resolution, the township committee, by a unanimous vote, executed a release and receipt to the collector, and he executed a release and receipt to the township.

This writ is sued out to review the legality of the resolution and the subsequent action of the township committee.

The facts appear to be that Truitt had been the collector of the township for nine years. Each year the township committee had audited his accounts as correct.

At the annual town meeting held on March 12th, 1895, a committee of three was appointed to audit the accounts of the township and make its report at the "next township meeting." In the proceedings of the town meeting making this appointment there appears to have been no limit placed upon the committee as to the extent of their examination of the collector's accounts. On May 18th, 1895, the committee announced in a communication to the township committee that they were ready to make their report. On the same day the township committee directed the township clerk to call a special town meeting. The township clerk, on the same day, in accordance with the statute, called a special town meeting for the 1st day of June, 1895, stating, specifically, in the notice that it was called for the purpose of hearing the report of the auditing committee appointed at the last town meeting to audit the accounts of the township and to take action thereon. In accordance with this notice a special town meeting was held, at which the foregoing recited resolution was adopted.

The report of this auditing committee was presented. to

this special town meeting, and as certified in the return to the writ, showed that Truitt had held the office of collector for nine years, and that the committee had examined his accounts for that whole period. The report criticised the manner in which the collector had kept his accounts with the township; that the collector had taken his salary, yearly, from the amount of the duplicate, when he came to settle with the township, instead of turning over the entire amounts collected to the township treasurer, after making certain other reductions required by law to be paid by the township collector. But this action resulted in no loss to the township. Mistakes to a small extent were found in his accounts, both in his favor and against himself. His account showed payments for which vouchers had been lost. There were also vouchers for moneys paid out to which he was entitled to credit, but which, by omissions, he had not included in his accounts. He had in some instances used school moneys for township purposes, and in other cases had used other township moneys for school purposes. In the year 1888 he had charged himself with $128.32 excess of school moneys. In some instances he paid out his own moneys without charging them and then took certain amounts to reimburse himself. He had charged the township, during the period of nine years, the sum of $667.32 for commissions for receiving and disbursing state school moneys. The committee reported that he was only entitled to the sum of $462.08. Several other irregularities were discovered and reported, and whilst the committee failed to discover any willful misappropriation or any conversion of moneys to his own use, yet they report, in order to straighten his accounts, he should be charged the sum of $1,685.62, and that against this sum he should be credited with the sum of $505.60 which the credits in his account did not show, leaving a balance due the township of $1,185.02.

It will again be noticed that his yearly accounts covering this period had been audited and passed by the township committee, and it is quite obvious that grave doubts arose in the minds of the voters at the town meeting whether he was

at that time at all indebted to the township, and if so, whether the indebtedness was recoverable against him, or upon his bond for the faithful discharge of his duties.

The report was first passed upon by the town meeting which adopted the resolution. The township committee, both by its own action and also acting in accordance with the resolution, audited his accounts, passed them and acquitted him by formal release and receipt.

The question arises, then, whether, under the circumstances, the resolution of the special town meeting and the subsequent action of the township committee can be sustained.

The first objection is that this resolution is illegal because it was adopted at a special town meeting. It is clear that the formal call for the meeting was explicit as to the object, and sufficiently broad to include the action taken. It is equally clear that any of the powers or duties conferred upon the township government can be exercised or performed as well at a special town meeting legally convened as at the regular annual town meeting. This is expressly provided by the fifteenth section of the general act incorporating townships, designating their powers and regulating their meetings. *Gen. Stat.*, p. 3584, § 15. The special meeting, therefore, was the " next township meeting " to which the report could be made, and so far as power is concerned, was as well entitled to settle the collector's accounts as any other town meeting. If the collector was required to account to and settle with the township committee (*Gen. Stat.*, p. 3288, § 39; *Id.*, p. 3583, § 12), then those requirements have been fully complied with. His accounts have been settled and passed, both at a regular town meeting as well as by the township committee, and so far as the formality of the auditing, stating and settlement of his accounts are concerned, there exists no irregularity whatever. *Rulon* v. *Woolwich*, 26 *Vroom* 489.

Neither can there exist, under the circumstances of the case, any doubt of the power of the township meeting, and the township committee, as the governing body, to audit and adjust the accounts of the collector. The inhabitants of the

several townships in this state are corporate bodies, and as such are capable of suing and being sued, and as such, within the objects and powers of the incorporating statutes and those conferring powers and imposing duties, they can create debts and liabilities, and as municipal corporate bodies have power to settle disputed claims against them and to pay them. They can compromise doubtful controversies. This power necessarily grows out of the general powers and rights inherent in the inhabitants of the townships. *Gen. Stat.*, p. 3583, § 11 ; 1 *Dill. Mun. Corp. (4th ed.)*, p. 557, §§ 477, 478, and cases cited in the notes ; *Paret* v. *Bayonne*, 10 *Vroom* 559. The law vests them with a discretion in such matters, which they are to exercise for the best interests of the corporation. These settlements of existing controversies must be made in good faith, and must not be of a collusive or fraudulent character, for over such a disposition of the funds of a township this court will exercise speedy and effectual control.

In this case there was a *bona fide* exercise of power on the part of the township meeting and the township committee in the settlement of the controversy or dispute between the collector and the township authorities. No question has been raised as to the *bona fides* of their action. *Bradley* v. *Hammonton*, 9 *Vroom* 430 ; *State, Lewis* v. *Board of Freeholders*, 8 *Id.* 254 ; *Rulon* v. *Woolwich*, 26 *Id.* 489.

The resolution and the action of the township committee are affirmed, with costs.