66   77
67   424

## SOPHIE HERMAN v. THE SUPREME LODGE KNIGHTS OF PYTHIAS OF THE WORLD.

Argued November 8, 1900—Decided February 25, 1901.

In a suit on a benefit certificate issued by an incorporated fraternal order the plaintiff's declaration averred generally, under section 126 of the Practice act (*Gen. Stat., p.* 2554), the performance of all conditions precedent to recovery, and the defendant's pleading specified compliance with a law of the order alleged to have been enacted after the issuing of the certificate as a condition precedent, the performance of which it intended to contest. *Held*—

1. That the burden of proving the enactment of such a law was on the defendant.

2. That such enactment could not be proved by the testimony of a member of the order that a printed book produced by him, in which such law was included, contained the laws of the order in force at a date stated.

On defendant's rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the rule, *Aaron V. Dawes.*

*Contra, Warren Dixon.*

The opinion of the court was delivered by

COLLINS, J. This cause was tried at the Bergen Circuit before Mr. Justice Dixon and a jury. A verdict was directed in favor of the plaintiff for $1,065, principal and interest, held to be due upon a benefit certificate issued November 30th, 1891, in Chicago, Illinois, by the defendant, an incorporated fraternal order, to Charles Herman, a member of the endowment rank of said order; which certificate, among other things, provided that, in consideration of certain payments and assessments and a full compliance with all the laws governing the rank then in force, or that might thereafter be enacted by the supreme lodge or the board of con-

trol of the endowment rank of said order, there should be paid to Sophie Herman, the wife of said member, who is the plaintiff in this action, upon due notice and proof of death, and good standing in the rank at the time of death, of said member and surrender of the certificate, the sum of $1,000.

The reasons assigned for a new trial are the alleged errors of the trial justice in admitting in evidence the benefit certificate without the constitution and laws of the order therein referred to; in refusing to nonsuit the plaintiff; in excluding evidence offered for the defendant, and in the direction of the verdict.

The declaration averred, generally, performance of all conditions precedent to recovery, and therefore, under section 126 of the Practice act (*Gen. Stat., p.* 2554), it became incumbent upon the defendant to specify in its pleading any condition precedent, the performance of which it intended to contest. The only such specification in this case was that in the year 1896 the supreme lodge of the defendant enacted a law to the effect that if the death of any member of the endowment rank, theretofore or thereafter admitted, should result from suicide, either voluntary or involuntary, whether such member should be sane or insane at the time, then the amount to be paid upon such member's certificate should be only a sum in such proportion to the whole amount as the matured life expectancy bore to the entire expectancy at date of admission—the expectancy of life based upon the American experience table of mortality, in force at the time of such death, to govern; and that Charles Herman committed suicide on April 11th, 1899. On this issue nothing was in controversy, except, *first,* the existence of such law of the order, and *second,* violation thereof by Charles Herman. The affirmative of these two facts was on the defendant. The plaintiff could not be required to put in evidence a law of the order which he challenged, and all other laws were irrelevant. It is as if the defendant had given the plaintiff its obligation, and the plaintiff had given the defendant terms of defeasance. Each must produce what it has and alleges.

Therefore, there was no error in not requiring the plaintiff to produce the constitution and laws of the order. A nonsuit was prayed for the insufficient reason of such non-production, and also for the non-production of the proofs of death required by the benefit certificate to be furnished. Any defect for the reason last named was cured by the production and offer of those proofs by the defendant. They recite that the immediate cause of Charles Herman's death was suicide, due to extreme melancholy in the last stage of phthisis.

The only attempt at proof of the alleged law of 1896 was by a printed pamphlet purporting to be the constitution and general laws of the endowment rank of the order, which was excluded as evidence because not proved. One Charles Marks, the secretary of the local New Jersey section of that rank, was shown this pamphlet and asked whether or not it contained the rules and regulations of the Order of Knights of Pythias in force April 11th, 1899, and, upon due objection, the question was overruled. A similar question, propounded to Elmer E. Margerum, who said he was grand keeper of records and seals of the State of New Jersey of the Knights of Pythias, was overruled. No other evidence on the subject was offered.

In *Downie* v. *Passaic County, 25 Vroom* 223, this court held that a by-law of the board of chosen freeholders was not proved by the use at a trial of a printed book containing it and purporting to be "The By-Laws of the Board of Chosen Freeholders of the County of Passaic," and that such book would have been inadmissible in evidence. It is too plain for argument that, in order to vary an existing contract, strict proof of the enactment of a law claimed to have such effect is requisite. Proof by members of the order that copies of what purported to be the laws extant had been promulgated could not legally stand in lieu of direct proof of such enactment. The defendant relies on a supposed ruling in Chancery that like printed books proved by a grand secretary of the state lodge of the Knights of Pythias to have been received in due course of business from the secretary of the supreme lodge for the guidance and use of the grand and subordinate lodges

80　　NEW JERSEY SUPREME COURT.

Hanrahan v. Nat'l Bldg., Loan & Prov. Asso.　*66 N. J. L.*

would be presumed to be genuine and correct by reason of their origin and custody. The proof in the case in hand did not even come up to that standard, but an examination of the reported case, in which a learned Vice Chancellor indulged such a presumption, discloses that the books then before the court had not been questioned when offered in evidence, objection to them being first made on the argument. *Schubert Lodge* v. *Schubert Kranken Untersturzen Verein,* 11 *Dick. Ch. Rep.* 78.

The evidence offered was properly overruled, and no course was open to the trial justice but to direct, as he did, a verdict for the plaintiff for the full amount claimed.

The interesting question of the effect of the suicide of a sane person upon a contract with him of insurance upon his life, which contract is permissive of suicide or is silent on the subject, is not presented in this case.

The rule to show cause will be discharged.