MICHAEL J. MEE, PLAINTIFF-APPELLEE, v. THE TOWN OF MONTCLAIR, DEFENDANT-APPELLANT.

Submitted December 7, 1911—Decided June 25, 1912.

1. An action for money had and received *held* to lie against the town of Montclair, because it appeared that the said municipality had received the money through its chief of police, who had obtained it on behalf of the town from the plaintiff by duress.
2. The act entitled "An act in relation to the expenditure of public money by municipal corporations" (*Comp. Stat.*, p. 3665, § 726), requiring claims to be verified before payment thereof can be demanded, is not applicable to a claim of the nature of the plaintiff's claim, and therefore he was not precluded from a recovery thereon without first making such verification and presentation of it to the municipality for payment.
3. The municipality, having received the money which had been obtained from the plaintiff, by duress, was chargeable with interest thereon from the time it actually received it.

---

On appeal from the First District Court of the city of Newark.

Before Justices Trenchard, Minturn and Kalisch.

For the appellant, *Robert M. Boyd, Jr.*

For the appellee, *Riker & Riker.*

The opinion of the court was delivered by

Kalisch, J. The plaintiff, Michael J. Mee, a patrolman of the town of Montclair, appellant, recovered a judgment against it for $81.37, with costs, in the First District Court of the city of Newark, the court sitting without a jury. The state of the case shows that the plaintiff, as such patrolman,

received from the town of Montclair the sum of $72.85 salary per month. On September 30th, 1909, there was due the plaintiff from the appellant one month's salary, for which a check was drawn to his order, by S. H. Wenck, the town treasurer. It further appears from the state of the case that the custom was, that the checks payable to the patrolmen should go through the hands of the appellant's chief of police, who distributed them to the various patrolmen to whom they were payable, and that the plaintiff's salary check for September, 1909, came by this routine into the possession of the chief of police, to be turned over by him to the plaintiff. The plaintiff applied to the chief of police for his salary check and was informed by that official that there was no money coming to him for salary, because he, the plaintiff, owed the entire amount of his month's salary to the appellant, for fines imposed upon him, for delinquencies, in the performance of his duties as patrolman. A few days later, the chief of police placed the salary check on his desk and said to the plaintiff, "Sign that, Mee, sign that." The plaintiff, in pursuance of the command of his superior officer, endorsed the check and then the chief of police took the check and placed it in his desk. It further appeared, that on the check, above the endorsement made by the plaintiff, were the words, "Pay to the Town of Montclair," which the plaintiff denied were there at the time he was ordered to endorse the check. The check was returned by the chief of police to the town treasurer.

The trial judge found, as a fact, that the payment made by the plaintiff was made under duress, and there being testimony to support such finding it is not reviewable.

The plaintiff's state of demand contained two counts, one for one month's salary due from the town of Montclair to the plaintiff for the month of September, 1909, and the other for money had and received by the said town of Montclair to the use of the said plaintiff.

The judgment of the trial court is founded on the count for money had and received, and includes interest on the amount so received, from the time of its reception up to the time of the rendition of the judgment, September 13th, 1911.

It is conceded, by the appellant in its brief, that the only claim that the plaintiff can have against the defendant is for money had and received by the defendant for the use of the plaintiff. But, it is claimed by the appellant, that the testimony fails to establish such a right of action in the plaintiff. We think that there was testimony from which the court could have reasonably found that the plaintiff endorsed the check under duress, and, therefore, it came within that class of cases which, according to the opinion of Chief Justice Hornblower, in *Sergeant et al.* v. *Stryker*, 1 *Harr.* 470, will support an action for money had and received.

The appellant's further contention is that even though an action for money had and received could be maintained against the defendant, that, by virtue of the statute of 1871 (*Comp. Stat.*, p. 3665, § 726), it was a condition precedent, before the plaintiff was entitled to bring his action, that his claim should have been first verified and presented to the town of Montclair.

The statute and the cases cited, by counsel for appellant, in support of his contention, are not applicable to the present case.

In *Downie* v. *Passaic*, 25 *Vroom* 226, Chief Justice Beasley, commenting on this statute, said: "The statutory prohibition seems to be applicable when a claim is undisputed; a verification of an account can serve no useful purpose when the debt is wholly repudiated and the creditor is obliged to prove the justice of his demand in a court of law."

And in *Rulon* v. *Woolwich*, 26 *Vroom* 494, where the objection was that a bill of costs had not been first verified when presented for payment to the township of Woolwich, before proceedings were commenced thereon, the court said: "There could be no fraud in this bill. An affidavit could make it no more correct than it was on its face. The reason of the statute being to prevent frauds upon the public does not apply to this claim."

Now, in the case before us, we are unable to perceive what beneficial end a verification of the claim made by the plaintiff against the town of Montclair could have served. The town

of Montclair had received the money. It had the means of knowing the exact amount which it received from the plaintiff by an inspection of its treasurer's books. No fraud as to the amount claimed could have been perpetrated. A verification would have served no useful end. The defendant was retaining money which the plaintiff claimed belonged to him and which the defendant did not intend to yield without the intervention of a court of law. We think that the statute does not apply to a case like the present one, and therefore the plaintiff's right to sue was unaffected by a lack of verification and presentation of his claim to the town of Montclair.

It is finally objected, against the validity of the judgment, that the court included in the judgment interest on the amount of the check from the time the said check was endorsed over to the town of Montclair, by the said plaintiff, until the time of the rendition of the judgment, September 13th, 1909.

The appellant's contention is, that no interest was recoverable, and it cites, in support of this contention, *Curley* v. *Freeholders,* 37 *Vroom* 401. An examination of that case will at once show its inapplicability to the one before us. The court there held that interest on a demand required by "An act in relation to the expenditure of public money by municipal corporations," approved April 4th, 1871 (*Gen. Stat., p.* 2237), to be verified before payment is legal, can only be allowed from the date at which such verified demand is presented for payment. Since we have held that the plaintiff's claim did not come within the purview of the act, in that, it needed not to be verified and presented, the non-applicability of that case is apparent.

The trial judge having found the facts in favor of the plaintiff, which was to the effect that the plaintiff had paid the money to the town of Montclair under duress, and that, therefore, the town of Montclair had been wrongfully withholding plaintiff's money from him, we are unable to perceive upon what principle of law or justice interest on the sum could have been legally denied him.

The judgment will be affirmed.